For the foregoing reasons, we AFFIRM the decision of the district court.

**Yvon CARRIER, Plaintiff–Appellant,**

v.

**CITIBANK (SOUTH DAKOTA), N.A. and Citigroup, Inc., Defendants–Appellees.**

**No. 05–4887–CV.**

United States Court of Appeals, Second Circuit.

May 16, 2006.

Jeffrey M. Knickerbocker (Leslee B. Hill, on the brief), Plainville, CT, for Appellant.

Kyle D. Rettberg, Sidley Austin LLP (Theodore R. Scarborough, Sidley Austin LLP, Chicago, IL, and Alex G. Filotto, Day, Berry & Howard LLP, Hartford, CT, on the brief), Chicago, IL, for Appellees.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Yvon Carrier appeals from an August 18, 2005 judgment of the district court granting summary judgment to defendants-appellees Citibank, N.A. and

Citigroup, Inc. (collectively, "Citibank") on Carrier's claims seeking recovery of amounts he paid for charges incurred on credit cards illegally obtained and used by his employee, Tammy Casciano. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment. *Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 707 (2d Cir.1996). In determining whether summary judgment is appropriate, the district court must "draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment." *Id.* (citation and internal quotation marks omitted). We affirm a grant of summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

We reject Carrier's argument that the district court erroneously relied on *Minskoff* to conclude that the charges incurred by Casciano on Carrier's credit card were authorized as a matter of law because Carrier had clothed Casciano with apparent authority. We stated in *Minskoff* that "[a] cardholder's failure to examine credit card statements that would reveal fraudulent use of the card constitutes a negligent omission that creates apparent authority for charges that would otherwise be considered unauthorized...." 98 F.3d at 709–10; *see also DBI Architects, P.C. v. Am. Express Travel–Related Servs. Co.,*

388 F.3d 886, 888 (D.C.Cir.2004) (holding that by repeatedly paying credit card bills after receiving notice of charges, employer clothed employee with apparent authority). Here, it is undisputed that Carrier did not review his credit card statements during a two-year period while continuing to pay his bills without protest and that Citibank made numerous efforts to verify the legitimacy of the charges during that time. In light of these facts, the district court did not err in holding that Carrier had created apparent authority in Casciano to incur the charges. We therefore conclude that summary judgment was appropriate on those claims.[1]

With respect to Carrier's negligence claim, the district court also did not err in concluding that there are no genuine issues of material fact as to whether Citibank adhered to the industry standard when verifying Carrier's identity and whether Citibank had taken on a duty, through its advertisements, to exceed the industry standard. Citibank adduced ample evidence that it acted in accordance with industry standards by investigating suspicious charges, and Carrier has presented no evidence to the contrary.[2] Moreover, we agree with the district court that Citibank's promise of no liability for unauthorized charges "cannot reasonably be read as an invitation for a customer never to review (or have reviewed) his or her credit card statements in any manner for a period of two years."

Finally, we further agree with the district court that Citibank's advertisements were not deceptive under the Connecticut Unfair and Deceptive Trade Practices Act ("CUTPA"), codified at Conn. Gen.Stat.

---

1. We reject also Carrier's contention that *Minskoff* applies only to claims arising under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* The district court relied on *Minskoff* to the extent that *Minskoff* applied general principles of agency law concerning apparent authority, and we agree with the district court's application of these same principles to Carrier's claims.

2. We note that although Carrier is male and Casciano is female, Citibank adduced evidence that identifying the gender of the cardholder is not standard industry practice in investigating potentially fraudulent charges and that customer service representatives do not have this information available to them. Carrier adduced *no evidence to the contrary.*

§ 42–110a *et seq.* Although a false message in an advertisement is deceptive under CUTPA without regard to whether the consumer actually believed the message or reasonably relied on it, *see Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F.Supp.2d 167, 176 (D.Conn.2000), Citibank's advertisement was not false because Casciano's charges were authorized as a matter of law. As to whether Citibank's policy was generally misleading or deceptive, a practice is deceptive under CUTPA only where consumers interpret the message reasonably in the circumstances. *Caldor, Inc. v. Heslin*, 215 Conn. 590, 577 A.2d 1009, 1013 (1990). As the district court noted, Citibank's policy "could not reasonably mislead a cardholder into believing he or she had no responsibility to review credit card statements before paying them, or had ... to play no role whatsoever in fraud detection with respect to his or her own account."

For the foregoing reasons, the judgment of the district court is AFFIRMED.